IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE, TENNESSEE

RECEIVED
IN CLERK'S OFFICE
OCT 19 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

JIMMY NEWELL,
    PLAINTIFF,

V.                                            CASE NO._____

JURY TRIAL DEMANDED

CORECIVIC, INC. (FORMERLY CCA);
LIBRARIAN STACY CARTER,;
ASST. WARDEN YOLANDA PITTMAN;
WARDEN BLAIR LEIBACH;
SGT "FNU" GARNER;
DEPUTY COMMISSIONER JASON WOODALL;
COMMISSIONER TONY PARKER;
    DEFENDANTS.

---

## CIVIL RIGHTS COMPLAINT

---

### I. JURISDICTION

This is a civil rights complaint made pursuant to 42 USC §1983, §1985. and §1986. This court has jurisdiction over this case pursuant to 28 USC §1331 and §1343(a). This court can exercise supplemental jurisdiction 28 USC §1367. This court can provide declaratory relief pursuant to 28 USC §2201 and §2202.

### II. VENUE

At all pertinent times the Plaintiff was incarcerated at the Trousdale-Turner Correctional Center in Hartsville, Tennessee where the events giving cause to this action occurred and this court is the

-1-

appropriate venue pursuant to 28 USC §1391§123(b)(1)

## III. EXHAUSTION

The Plaintiff has exhausted all available administrative remedy by filing complaints utilizing the Inmate Grievance Procedure Tenn. Dept. Of Correction Policy #501.01 made available for the same purpose and appealing the responses to the Warden and the Commissioner of the Tenn. Dept. Of Correction.

## IV. PARTIES

All parties are named in their individual and official capacity.

A. CoreCivic, Inc. 10 Burton Hills Boulevard, Nashville, Tennessee 37215

   Implemented policy or custom of restricting access to the law library. Failed to investigate, train, or supervise employees.

B. Stacy Carter 140 Macon Way Hartsville, TN 37074

   Denied access to the law library. Retaliated against Plaintiff for utilizing the grievance procedure.

C. Yolanda Pittman 140 Macon Way Hartsville, TN 37074

   Authorized, approved or knowingly acquiesced in retaliation and denial of access to law library.

D. Blair Leibach 140 Macon Way Hartsville, TN 37074

   Authorized, approved or knowingly acquiesced in retaliation and denial of access to law library, mail, and writing materials.

E. "FNU" Garner 140 Macon Way Hartsville, TN 37074

   Denied access to the law library and inmate grievance procedure. Retaliated against Plaintiff for utilizing the grievance procedure.

F. Jason Woodall 320 Sixth Avenue North Nashville, TN 37221

   Authorized, approved or knowingly acquiesced in retaliation and denial of access to law library, mail, and writing materials.

G. Tony Parker 320 Sixth Avenue North Nashville, TN 37221

   Authorized, approved or knowingly acquiesced in retaliation and denial of access to law library, mail, and writing materials.

## V. STATEMENT OF CLAIM

1. During the Plaintiff's confinement at the Trousdale Turner Correctional Facility in the custody of

the Tennessee Department of Correction the Defendants individually and collectively refused the Plaintiff adequate access to the prison law library to research and prepare legal pleadings, briefs, and complaints necessary to challenge his conviction and sentence and conditions of confinement.

2. The Plaintiff repeatedly provided proof of deadlines imposed by court orders and rules.
3. Despite having proved deadlines the Defendant's denied meaningful access to the prison law library.
4. These denials of access to the prison law library frustrated his litigation of collateral challenges to his conviction and sentence:
    (a) *Writ of Habeas Corpus* in the Hardeman County Circuit Court and the subsequent appeal to the Court of Criminal Appeals.
    (b) *Petition for Post-Conviction Relief* in the Bradley County Criminal Court and the subsequent appeal to the Court of Criminal Appeals.
    (c) *Writ of Error Coram Nobis* in the Bradley County Criminal Court and the subsequent appeal to the Court of Criminal Appeals.
5. The collateral challenges to the Plaintiffs conviction and sentence were irreparably harmed by the Defendants.
6. These denial of access to the prison law library frustrated his litigation of challenges to his conditions of confinement.
    (a) *Civil Complaint* in the Trousdale County Circuit Court and the subsequent appeal to the Court of Appeals.
    (b) *Civil Complaint* in the Trousdale County Sessions Court and the subsequent appeal to the Court of Appeals.
    (c) *Civil Rights Complaint* in the US District Court of Eastern Tennessee and the subsequent appeal to the US Court of Appeals for the 6th Circuit.
    (d) *Civil Rights Complaint* in the US District Court of Western Tennessee and the subsequent appeal to the US Court of Appeals for the 6th Circuit.
    (e) *Petition for Writ of Certiorari* in the Bradley County Circuit Court and the subsequent appeal to the Court of Appeals.
    (f) *Petition for Writ of Certiorari* in the Hardeman County Circuit Court.
    (g) *Petition for Writ of Certiorari* in the Davidson County Circuit Court and the subsequent appeal to the Court of Appeals.
7. The litigation and contemplated litigation of the Plaintiff's conditions of confinement were irreparably harmed.

8. The Defendants suspended Plaintiffs access to the prison law library for a period of 30 days as a form of punishment pursuant to a written policy of CoreCivic, Inc.
9. The Defendant failed to provide critical and necessary access to the prison law library, mail, notary, pen, paper, and envelopes, during lock-down periods.
10. The Defendants did not provide adequate access to pen, paper, envelopes, and mail to the Plaintiff whom was indigent.
11. These denials of access to critical legal resources during lock-down periods frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement.
12. The Defendants individually and collectively changed the handling of outgoing legal mail without notice to the Plaintiff.
13. This change in handling of the outgoing legal mail frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement.
14. The Defendants in retaliation for filing grievances inhibited access to the prison law library and treated the Plaintiff disparately harsh with the Inmate Disciplinary Procedures.
15. This retaliatory behavior frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement.
16. The Defendants maintain an electronic law library that is constantly out-of-date.
17. This delay irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence when he filed a *Petition for Writ of Error Coram Nobis* based upon old law that rendered the action obsolete and moot.
18. The Defendants maintain an inadequate amount of terminals for the inmate population to access the electronic prison law library.
19. The inadequate amount of terminals restricted the amount of time the Plaintiff was able to spend researching and preparing legal pleadings and reduced the access to less than meaningful.
20. The Defendants restriction of meaningful access to the prison law library frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement.
21. Defendants Carter, Garner, and Pittman conspired, discussed, and agreed to deny the Plaintiff meaningful access to the prison law library.
22. This conspiracy frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement.

23. Defendants Leibach, Woodall, and Parker knowingly sanctioned, authorized, or acquiesced for Defendants Carter, Garner, and Pittman to conspire to deny the Plaintiff meaningful access to the prison law library
24. This knowing approval of the conspiracy frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement.
25. Defendant CoreCivic, Inc. failed to properly investigate, train, or supervise employees in the execution of their duties.
26. This failure to properly investigate, train, or supervise frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement.
27. Defendant CoreCivic, Inc. implemented or allowed a policy or custom that permits the denial of access to the prison law library as a form of punishment.
28. This policy or custom of restrictive access frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement.
29. Defendant CoreCivic, Inc. implemented a custom or policy that permits the denial of access to essential legal materials including but not limited to prison law library, paper, pen, notary, and mail during periods of institutional lock-down.
30. This policy or custom of restrictive access frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement.
31. Defendants Leibach, Woodall, and Parker knowingly sanctioned, authorized, or acquiesced the restrictive access to essential legal resources through the Inmate Grievance Process.

## VI. RELIEF REQUESTED

32. The Plaintiff prays for a declaratory judgment against all the Defendants.
33. The Plaintiff prays for compensatory and punitive damages against all Defendants.

I declare certify, verify, or state under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC §1746

Executed on October 4, 2017

Jimmy Newell #444436

Jimmy Newell #1744436
c/o JHDC 3101 E Moulin Hwy
Waco, TX 76705

United States Postage
$000.46 0
0001793403 OCT 16 2017
MAILED FROM ZIP CODE 76705

INMATE MAIL

Clerk US Courthouse
801 Broadway
Nashville, TN 37203

RECEIVED
IN CLERK'S OFFICE
OCT 19 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

LEGAL MAIL