# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JIMMY NEWELL, <br> # 444436, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | No. 3:17-cv-01387 <br> Judge Trauger |
| v. | ) <br> ) | |
| CORECIVIC, INC., *et al.*, | ) <br> ) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

Jimmy Newell, an inmate of the TDCJ - Segovia Unit in Edinburg, Texas, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against CoreCivic Inc. ("Core Civic"), Stacy Carter, Blair Leibach, f/n/u Gardner, Jason Woodall, Tony Parker, and Yolanda Pittman, alleging violations of the plaintiff's civil rights. (Docket No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.[1]

## I.   PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

---

[1] Jurisdiction and venue are proper in this district because the plaintiff is suing defendants located in this district concerning events that allegedly occurred in this district and violated the plaintiff's federal constitutional rights. *See* 28 U.S.C. §§ 1331, 1391.

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

II.     **Section 1983 Standard**

The plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 1). Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a

2

claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, while the plaintiff was incarcerated at the Trousdale Turner Correctional Facility in Hartsville, Tennessee, in retaliation for the plaintiff's having filed grievances, defendants Carter, Pittman, Leibach, Garner, Woodall, and Parker "individually and collectively refused" the plaintiff adequate access to the prison law library to research and prepare legal pleadings, briefs, and complaints "necessary to challenge his conviction and sentence and conditions of confinement." (Docket No. 1 at 3, 4). The complaint further alleges that the defendants did not provide the plaintiff with pens, paper, and envelopes during lock-down periods and did not allow him enough access to computer terminals, causing "irreparabl[e] harm" to the plaintiff's "litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement." (*Id.* at 4).

The complaint also alleges that Core Civic's prison law library at the Trousdale Turner Correctional Center contains out-of-date legal materials and resources. (*Id.*) To collaterally attack his conviction and sentence, the plaintiff prepared a petition for writ of error coram nobis based on the law available to him in the prison law library, and the Bradley County Criminal Court dismissed the petition as "obsolete and moot," due to the plaintiff's having relied on out-of-date law. (*Id.*)

## IV. PLRA Screening

### A. Access to courts claims

The complaint alleges that Core Civic maintains unconstitutional policies or customs of restricting inmate access to the prison law library, depriving inmates of access to the prison law library as a form of punishment, refusing to provide indigent inmates with pens and paper for legal writing, and failing to provide a prison law library with up-to-date legal resources and materials. The complaint further alleges that defendants Carter, Pittman, Leibach, Garner, Woodall, and Parker implemented these policies with respect to the plaintiff and retaliated against the plaintiff for filing grievances by punishing him and limiting his access to legal resources.

The First Amendment to the United States Constitution provides prisoners with a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id.* at 822. However, it is not enough for a plaintiff simply to claim that he was denied access to the courts. To state a claim on which relief may be granted, a plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002)(citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

In addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824-25. Despite this constitutional right, a prisoner must show actual prejudice to ongoing or contemplated litigation to state a claim for relief. *Id.*

Here, the complaint alleges generally that the defendants "frustrated and irreparably harmed" the plaintiff's attempts to pursue three collateral attacks on his conviction and sentence and to file seven complaints or petitions concerning the conditions of his confinement. (Docket No. 1 at 3). In

4

all but one instance, however, the complaint fails to allege any actual injury as a result of the alleged unconstitutional policies or customs of restricting inmate access to the prison law library, depriving inmates of access to the prison law library as a form of punishment, refusing to provide indigent inmates with pens and paper, and maintaining an up-to-date law library and the implementation of those policies. Therefore, the complaint fails to state denial of access to courts claims with regard to all but one instance.

With respect to the plaintiff's efforts to pursue a collateral attack on his conviction and sentence by way of filing a petition for writ of error coram nobis in the Bradley County Criminal Court, the plaintiff alleges that the antiquated legal resources on which he unwittingly relied in pursuing his attack caused the court to dismiss his action as "obsolete and moot." (Docket No. 1 at 4). In other words, the complaint alleges that, had Core Civic provided inmates with access to up-to-date legal resources, the court would not have dismissed the plaintiff's collateral attack for having relied on outdated legal authority. The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Bounds*, 430 U.S. 817, 822. The court questions whether access to outdated legal authority is "adequate, effective and meaningful" access. Therefore, as to this specific allegation, the court finds that the complaint states a colorable claim for denial of access to the courts under the First Amendment to the United States Constitution, because the plaintiff alleges prejudice to the filing or prosecution of a legal matter as a result of the defendant's alleged conduct. *Moore*, 36 F. App'x 169, 171.

The question remains: against which defendants does the complaint state such a claim? Because it performs a traditional state function in operating a state prison, Core Civic acts under the color of state law. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). Core Civic may be liable under § 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien*

*v. Mich. Dep't of Corr.*, 592 Fed. Appx. 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right"). To hold Core Civic liable, the plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818. Liability attaches only if Core Civic's policies were shown to be the "moving force" behind the plaintiff's injury. *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989).

Here, the complaint alleges that Core Civic has a policy or practice of maintaining a prison law library at the Trousdale Turner Correctional Center containing out-of-date legal materials and resources. This policy, according to the complaint, is responsible for specific harm to the plaintiff– the Bradley County Criminal Court's dismissing the plaintiff's collateral attack of his conviction and sentence because the plaintiff relied on "obsolete" law. The court therefore finds that these allegations are sufficient to state a First Amendment claim against Core Civic based on the failure to maintain an up-to-date legal library at the Trousdale Turner Correctional Facility pursuant to Core Civic policy. With respect to defendants Carter, Pittman, Leibach, Garner, Woodall, and Parker, the complaint fails to allege that these defendants played any role whatsoever in the contents of the prison library. As a result, the plaintiff's denial of access to the court claims against these defendants fail as a matter of law.

**B.     Civil conspiracy claims**

The complaint also alleges that defendants Carter, Garner, and Pittman "conspired, discussed, and agreed to deny the Plaintiff meaningful access to the prison law library." (Docket No. 1 at 4). According to the complaint, "[t]his conspiracy frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of

6

confinement." (*Id.*) Further, the complaint alleges that defendants Liebach, Woodall, and Parker "knowingly sanctioned, authorized, or acquiesced for Defendants Carter, Garner, and Pittman to conspire to deny the Plaintiff meaningful access to the prison library." (*Id.* at 5). "This knowing approval of the conspiracy," says the plaintiff, "frustrated and irreparably harmed the Plaintiff's litigation efforts involving the collateral attack on his conviction and sentence; also his conditions of confinement." (*Id*).

The Sixth Circuit has defined a civil conspiracy under 42 U.S.C § 1983 as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not know all of the details of the illegal plan or all of the participants involved. All that must be shown is that there is a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Conspiracy claims must be pled with a degree of specificity. *Hamilton v. City of Romulus*, 409 Fed. Appx. 826, 835-36 (6th Cir. 2010). Vague and conclusory allegations unsupported by material facts are insufficient, although circumstantial evidence of an agreement among all conspirators may provide adequate proof. *Id.*

As to the existence of a conspiracy among the defendants "to deny the Plaintiff meaningful access to the prison law library," the complaint's allegations are conclusory. In addition, as the court already has pointed out, the complaint fails to allege any specific prejudice to the plaintiff's other legal actions because of the defendants' alleged conspiratorial behavior. The complaint fails to allege that the plaintiff suffered any harm as a result of being denied access to the prison law library and being treated more harshly than other inmates. The only specific harm the complaint alleges is the dismissal of the plaintiff's collateral attack in state court; the complaint links that dismissal to the

7

plaintiff's reliance on the outdated legal resources available in the prison law library, not to any individual defendant's denial of the plaintiff's access to the prison law library. Having reviewed the complaint, the court finds that the plaintiff's allegations of a civil conspiracy between defendants Carter, Garner, Pittman, Liebach, Woodall, and Parker do not survive the PLRA's screening, and any such claims will be dismissed.

C.     **Retaliation claims**

The complaint alleges that defendants Carter and Garner, "in retaliation for filing grievances[,] inhibited access to the prison law library and treated the Plaintiff disparately harsh with the Inmate Disciplinary Procedures." (Docket No. 1 at 2, 4). The complaint further alleges that defendants Pittman, Leibach, Woodall, and Parker "[a]uthorized, approved or knowingly acquiesced in retaliation . . . ." (*Id.* at 2).

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Id.* at 394-99; *see also Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004) (same); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (same). "If the plaintiff is able to make such a showing, the defendant then has the burden of showing that the same action would have been taken even absent the plaintiff's protected conduct." *Smith*, 250 F.3d at 1037.

"Retaliation on the basis of a prisoner's exercise of his First Amendment rights violates the Constitution." *Harbin-Bey v. Rutler*, 420 F.3d 571, 579 (6th Cir. 2005). An inmate has a First

Amendment right to file non-frivolous grievances against prison officials. *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Here, it is unclear from the complaint what the plaintiff's grievances concerned; a fair inference is that grievances concerned access to the law library. Without more details, the grievance cannot be deemed frivolous. *See, e.g., Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010)(prisoner not required to allege that a grievance was not frivolous in order to survive screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A). Thus, the plaintiff here alleges that he engaged in conduct protected by the First Amendment by filing a grievance and that the defendants' actions of restricting the plaintiff's access to the law library constitutes an adverse action that might deter a person of ordinary firmness from continuing to engage in the protected conduct. The court finds that the plaintiff has stated a plausible claim of retaliation against defendants Carter and Garner in their individual capacities.

With respect to defendants Pittman, Leibach, Woodall, and Parker, the plaintiff's allegations are based on these defendants' positions of authority and their alleged authorization and approval of, and knowing acquiescence in, their subordinate's retaliatory acts. (Docket No. 1 at 2). However, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted).

The complaint does not allege that either Pittman, Leibach, Woodall, or Parker was directly

9

responsible for the alleged acts of retaliation against the plaintiff, nor can any such allegations be liberally construed against these defendants. However, the complaint alleges that these defendants "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending" parties – here, Carter and Garner. *Id.* Although it is far from certain that the plaintiff ultimately can prevail on his retaliation claims against the supervisory defendants, for purposes of the required PLRA screening, the court finds that the complaint states colorable claims against defendants Pittman, Leibach, Woodall, and Parker in their individual capacities due to their authorization, approval, or knowing acquiescence in Carter and Garner's alleged acts of retaliation against the plaintiff.

As to the plaintiff's claims against Carter, Pittman, Leibach, Garner, Woodall, and Parker in their official capacities, when a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, these defendants are employees of the Trousdale Turner Correctional Center, which is operated by Core Civic. As discussed above, to hold Core Civic liable, the plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818.

The complaint alleges that Core Civic "failed to properly investigate, train, or supervise employees in the execution of their duties" (Docket No. 1 at 5). An allegation that Core Civic had a duty to hire and train competent staff, however, is insufficient to identify a Core Civic policy and tie that policy to the plaintiff's injury. *See Baxter v. Corizon Health, Inc.*, No. 1:14–cv–1347–JDT–egb, 2015 WL 5707062, at *5 (W.D. Tenn. Sept. 28, 2016). Merely positing a theory of legal liability that is unsupported by specific factual allegations does not a state a claim for relief. Therefore, for purposes of the initial screening of the plaintiff's claims against Core Civic

required by the PLRA, the court finds that the complaint fails to state failure to train claims against Core Civic, and the plaintiff's claims against the individual defendants in their official capacities will be dismissed.

## V. Conclusion

Having screened the complaint pursuant to the PLRA, the court finds that the complaint states a colorable § 1983 First Amendment denial of access to courts claim against Core Civic as well as colorable § 1983 First Amendment retaliation claims against Carter, Pittman, Leibach, Garner, Woodall, and Parker in their individual capacities. These claims shall proceed for further development. However, the complaint fails to state claims upon which relief can be granted as to all other claims against all other defendants. Therefore, those claims and defendants will be dismissed.

An appropriate order will be entered.

ENTER this 7th day of August 2018.

Aleta A. Trauger
United States District Judge